No. 39,804

THE KANSAS CITY-LEAVENWORTH BUS LINES, INC., a Corporation, *Appellant,* v. STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, JEFF A. ROBERTSON, Chairman and Commissioner, DE-WITT M. STILES, Commissioner, and CHARLES M. WARREN, Commissioner, As Members of the State Corporation Commission of the State of Kansas and Their Respective Successors in Office, *Appellees.*

No. 39,805

KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, *Appellant,* v. STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, JEFF A. ROBERTSON, Chairman and Commissioner, DEWITT M. STILES, Commissioner, and CHARLES M. WARREN, Commissioner, As Members of the State Corporation Commission of the State of Kansas and Their Respective Successors in Office, *Appellees.*

(286 P. 2d 143)

Opinion filed July 6, 1955.

*Arthur J. Stanley, Jr.,* of Kansas City, Kansas, argued the cause and *Leonard O. Thomas,* of Kansas City, Kansas, was with him on the briefs for appellant, Kansas City-Leavenworth Bus Lines; and *Powell C. Groner,* of Kansas City, Missouri, *Willard L. Phillips,* of Kansas City, Kansas, and *James E. Smith,* of Topeka, were with him on the briefs for appellant, Kansas City Public Service Company.

*Jay Kyle,* general counsel, of Topeka, argued the cause and *John E. Jandera* and *William E. Stillings,* assistants general counsel, both of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: These appeals were consolidated. They arise from a proceeding before the corporation commission wherein two com-

mon carriers under the jurisdiction of the commission asked the commission to order a party operating as a common carrier of passengers along in part the same route as complainants to cease such operation. The commission denied the relief sought. On appeal the district court sustained the order of the commission. The original complainants have appealed.

Pursuant to G. S. 1949, 66-118c, the first pleadings filed in district court were applications for review. These were filed by the Kansas City Public Service Company, hereafter referred to as Service Company, and Kansas City-Leavenworth Bus Lines, Inc. hereafter referred to as Leavenworth Lines.

The application of the Service Company will be noted here. It alleged it was engaged in the operation of the local and general transit system of greater Kansas City by means of a co-ordinated system of street railways, trolley buses and motor bus lines, and was a public utility subject to the jurisdiction of the corporation commission and was operating under a certificate of convenience and necessity issued by the commission; the organization and jurisdiction of the commission; that Benskin was operating as a motor carrier of passengers on regular routes and time schedules between Kansas City, Kansas, and the village of Wellborn in the suburban territory within three miles of Kansas City; that on April 22, 1953, the Leavenworth Lines, which was operating as a common carrier of passengers between Kansas City, Kansas, and Leavenworth over a route, and pursuant to a certificate of convenience and necessity issued by the commission, filed a complaint before the commission against Benskin alleging that he was operating as a motor carrier of passengers between Kansas City and Wellborn over the same route as the Leavenworth Lines and roads paralleling it without a certificate of convenience and necessity and praying that the commission issue an order requiring him to cease and desist such until such time as the commission might issue a certificate to him; that on August 18, 1953, the commission did issue an order commanding him to appear before it on September 10, 1953, and show cause why such an order should not issue; the Service Company on August 31, 1953, filed its petition to intervene alleging its interest in the issues, which request was granted; that on September 23, 1953, Benskin filed his answer alleging his operations were a part of the general transit system serving Kansas City, Kansas, and exempt from jurisdiction of the commission under G. S. 1949, 66-1,109; that the

matter was heard by the commission, which made an order that the operation of Benskin over regular routes and time schedules between points within Kansas City and points within a three-mile radius thereof was a part of the general transit systems serving Kansas City, Kansas, and surrounding territory within the meaning of G. S. 1949, 66-1,109 (a) and was exempt from the jurisdiction of the commission pursuant to the motor carrier law and a certificate of convenience and necessity was not required; the Service Company on March 12, 1954, filed its application for rehearing, which was denied on March 17, 1954; that it made the application for review of the order of the commission on the ground it was unreasonable and unlawful because the commission erred in construing and interpreting G. S. 1949, 66-1,109 (a), especially that portion reading:

"*Provided,* That none of the foregoing exemptions shall apply to motor carriers of passengers (other than motor carriers of passengers operating as a part of the general transit system serving any such city or village in this or another state) operating on regular routes and time schedules between any city or village in this or another state, and the suburban territory in this state; . . ."

to mean that a motor carrier of passengers becomes and is a part of the general transit system serving any such city or village in this or another state merely because of the fact that such motor carrier of passengers is furnishing some transportation service to a very limited portion of the city and suburban area although such motor carrier of passengers does not furnish transportation service to the city generally and does not have any operating connection with the carrier furnishing the general over-all transportation service to the city; that such a construction of the language making Benskin a part of the general transit system neutralizes and ignores the purpose of the statute and renders the act of the legislature containing such exemption wholly meaningless and useless; that the commission erred in finding that the motor carrier operations of Benskin were of such a nature as to constitute them a part of the general transit system serving Kansas City, Kansas, and surrounding territories within the meaning of G. S. 1949, 66-1,109 (a) for the reasons that he had no connection with the over-all transit service operated by the Service Company, either physical, operating or financial, and because his operations were of such a limited extent that they did not furnish general over-all integrated

service to the city as a whole or to the specific territory through which he operated; and that the commission erred in considering the necessity and desirability of the services operated by Benskin.

An application for review before the commission, substantially the same, was filed by the Leavenworth Company. A transcript of the proceedings before the commission was furnished the trial court. An abstract of them has been furnished us as a part of this record. The cases were consolidated in the district court.

On July 2, 1954, the district court entered a judgment that the order of the commission of March 3, 1954, was lawful and reasonable and sustaining that order.

In due time Leavenworth Lines filed its motion for a new trial on the ground of abuse of discretion, accident and surprise, not afforded a reasonable opportunity to present its case, erroneous rulings, judgment in whole or in part contrary to evidence and newly discovered evidence. The motion of the Service Company was substantially the same. These motions were overruled—hence these appeals.

The specifications of error are:

"1. The District Court erred in overruling the motions for a new trial and holding that the evidence showed that the order of the State Corporation Commission was lawful and reasonable and in holding that the evidence showed that the bus service operated by Kenneth Benskin, d/b/a as the Benskin Bus Service, constituted a part of the general transit system serving Kansas City, Kansas, and sustaining the order made by the State Corporation Commission.

"2. The State Corporation Commission erroneously found that the service offered by Kenneth Benskin, d/b/a as to the Benskin Bus Service, was a part of the general transit system serving the City of Kansas City, Kansas.

"3. The State Corporation Commission erred in refusing to issue an order directing that Kenneth Benskin, d/b/a as the Benskin Bus Service cease and desist from providing such service without obtaining a certificate of convenience and necessity from the Corporation Commissioner of the State of Kansas.

"4. The District Court erred in finding that the bus service operated by Kenneth Benskin was such as to constitute it a part of the general transit system serving Kansas City, Kansas.

"5. The District Court erred in affirming and approving the order made by the Corporation Commission of the State of Kansas and in not setting aside that order."

The appellants set out five specifications of error. There is only one fundamental question in the case—that is, whether under the provisions of G. S. 1949, 66-1,109 (a) respondent Benskin is exempt from the provisions of the motor carrier's act and under the jurisdic-

tion of the commission. This depends upon the construction to be given the words in parenthesis in that section:

"(other than motor carriers of passengers operating as a part of the general transit system serving any such city or village in this or another state)".

The parties at the inception of the hearing before the commission agreed as to many of the facts. They could have stipulated as to all of the ultimate facts. The question is what conclusion should be drawn from these admitted facts. The subject first entered our statute when Chapter 206, Laws of 1925, was enacted. This was a general act which gave the commission authority to supervise, regulate and control the transportation of passengers—by bus or any vehicle not operated upon a track. The section with which we are confronted, however, was not in that act, but first appeared in Chapter 236 of the Laws of 1931. It repealed parts of Chapter 206 of the Laws of 1925 and went into greater detail as to how the public service commission should proceed to regulate such traffic. Section 2, however, provided that the act should not apply to motor carriers operating wholly within any city or village and some other details with which we are not concerned.

The present section was enacted in 1947 by Chapter 333 of the Laws of that session. The only thing with which that act dealt was the exemption of certain motor carriers from the provisions of the general act. Two questions are submitted to the courts when an appeal is taken from an order of the corporation commission—is the order legal and is it reasonable? This record does not call on us for a meticulous decision as to whether the order of the trial court was based upon the reasonableness or the legality of this order. The only question to be decided is solely a legal one. What construction should be given the language quoted? Appellants have given us the benefit of a close brief on the question. There are not many authorities directly in point. We must examine the meaning of the word "system" and the word "transit" and the other words used in the act. Our real question is—What did the legislature intend? We must examine all of the words used and the context thereof. When we do this we meet first "a part" and the word "general." It seems that the legislature intended to exempt from the operation of the statutes any operator of a motor carrier whose operations were a part of the general transit system. The appellants wish us to hold this means the operator must be connected either financially or physically with the other component

parts of the system in question or rather the major transit system in question. This would actually mean we must hold that to be exempt the operator claiming exemption should be either a substantial part of the general system or have some financial or physical connection therewith. That is not what the statute provides in so many words. Neither is it fairly deducible from the history of the act. First, the act of 1931 provided that an operator operating wholly within the city or village should be exempt and in 1933 the language is about the same. In 1935 to be exempt the operator must be wholly within the corporate limits of the city or village or not to exceed one mile beyond the corporate limits. Later this was extended to three miles. It is difficult for us to see but that this was written for the benefit of just such operators as Benskin is here. We all understand the operations of the Kansas City Public Service Company. There is no dispute at all about the operations of the Kansas City-Leavenworth Bus Lines, neither is there any dispute in this record about the operations of Benskin. It appears Benskin is at least a part of the general system.

We are forced to the conclusion that the legislature intended to exempt from the provisions of the motor transportation act any line that filled a place in the general scheme of transportation within the city and its environs that Benskin filled.

The judgment of the trial court is affirmed.

THIELE, J. (dissenting): I would reverse the judgment for in my opinion Benskin's bus service was no part of the general transit system serving Kansas City, Kansas.

HARVEY, C. J., and PRICE, J., concur in Justice Thiele's dissent.